### *STATE OF OHIO EX REL. U. S. BALLOT BOX CO. v. RATTERMAN, TREAS.

1. APPROVAL OF CLAIM AGAINST COUNTY BY OTHER THAN COMMISSIONERS.

The auditor of Hamilton county was not authorized by law, to issue, on the certificate of the sheriff of said county, not approved by the board of county commissioners thereof, a warrant upon the treasurer for the amount of a bill claimed to be due for ballot boxes furnished by such sheriff under the provisions of sec. 2928, Rev. Stat.

2. MANDAMUS TO COMPEL TREASURER TO PAY.

And a mandamus will not be issued against the treasurer at the instance of the holder of such warrant, requiring him to pay the same, on his refusal to do so, although he would be justified if he paid it in good faith.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

1. It is urged by counsel for plaintiff in error, that the court of common pleas erred in sustaining the demurrer to the petition in this case, for the reason that the auditor of the county having issued his warrant on the defendant in favor of the relator, for the amount which it claims to be due from the county, that the treasurer by law is bound to pay it, and has no right whatever to refuse to do so—that as his duty in this respect is a mere ministerial one, the court by its writ should have compelled him to do that, which in violation of the law and his duty, he has refused to do.

We are of the opinion that under the laws of the state, the treasurer acting in good faith, would be justified in paying a warrant drawn upon him by the auditor, if there are funds in the treasury applicable to the payment thereof. But if, when it is sought by a proceeding in mandamus to require him to pay such a warrant, it appears to the court to which the appeal is made, that the auditor has not the right to draw the same until the claim for which it was issued, had been presented to the county commissioners and had been allowed by them, the court should not make any order, the result of which would be, that money would be taken from the county treasury under the forms of law, but in direct violation of its spirit and intent.

The question for consideration then, is this: whether the sheriff of Hamilton county, under the provisions of sec. 2928, Rev. Stat., authorizing him to

* The circuit court followed the second paragraph of this syllabus in State v. Duerr, 5 Ohio Circ. Dec., 400, 403.

"provide at the expense of the county, a sufficient number of ballot boxes for use in said county," and further providing that "said ballot boxes shall not cost more than $25.00 each," had the absolute right to bind the county by such purchase within such limit, and thereby to authorize the auditor of the county (without any presentation of the bill therefor to the commissioners, or allowance of the same by them), to draw his warrant on the county treasurer therefor.

Section 1024, Rev. Stat., which provides for the issue of warrants by the county auditor on the county treasurer, declares, that "he shall not issue a warrant for the payment of any claim against the county, unless the same is allowed by the county commissioners, except in cases where the amount due is fixed by law, or is allowed by some other officer or tribunal authorized by law to allow the same." And section 894 is to the same effect, and authorizes him to draw a warrant upon the treasurer when the amount due is fixed by law, or is authorized to be fixed by some other person or tribunal, "upon the proper certificate of the person or tribunal allowing the same," and the petition alleges that such certificate was in this case, given by the sheriff to the auditor, and that the warrant was issued thereon.

It is manifest that the amount to be paid for the ballot boxes, when procured by the sheriff under the provisions of sec. 2928, is not "fixed by law." Neither the number of them, or the price to be paid therefor, is so determined. A sufficient number is to be provided, and the price is not to exceed $25.00 each. It only remains then to determine whether under this section, the sheriff is authorized definitely to determine the number which will be sufficient, and to fix the amount to be paid for them, and to allow the claim therefor. If so, the auditor was right in drawing his warrant for the amount, and the treasurer is bound to pay it. But it is clear that the statute under consideration does not in express terms, confer any such power upon the sheriff. If he has the right, it can only be implied from the authority conferred upon him to procure the necessary number, at a price not to exceed that named in the statute.

For good and sufficient reasons it is the policy of our statutes upon this subject, that the management of the official affairs of the county should be entrusted to a board elected by the people for that purpose, and that as a general rule, no claim shall be allowed against the county, unless first submitted to and approved by them, and unless their decision is appealed from or otherwise reviewed by the courts. There are a few exceptions to this rule, where other tribunals or officers may allow such claims—but in such cases the power to do so is clearly and explicitly conferred. But in the light of the case of Ohio ex rel. Flanagan v. McConnell, 28 O. S., 589, we are of the opinion that the case before the court is not one of that character. The question there arose under the act of April 13, 1865 (S. & S., 362) which provided, that "the county commissioners shall furnish to the clerks of the courts of their respective counties all blank books, stationery and all other things necessary to the prompt discharge of their duties; all of which articles the clerks may themselves procure, and shall be allowed and paid for upon their certificate." And under it and the other laws which we have cited as to the power of the auditor to draw warrants, which were then in force as they now are, the court held, in substance, that the clerk was not thereby authorized to fix conclusively the amounts which should be paid by the county for blanks and stationery, but that the claim therefor must be presented to the commissioners, and allowed by them before the auditor could legally draw his warrant therefor. In the opinion the court say, that it was not the clear intention of the legislature to confer such unlimited power upon clerks—"that a power so liable to great abuse ought not to be raised by doubtful implication. To justify its recognition, the terms which confer it should be clear and unmistakable." There is also other language in the opinion which is appropriate to and bears strongly on the case at bar. We think that the terms of the statute under consideration in that case, gave the right to the clerk to

certify to the bill, and thus to require the auditor to issue his warrant, more clearly than it does to the sheriff by sec. 2928; and in view of the whole case we hold that the court of common pleas did not err in sustaining the demurrer to the plaintiff's petition, which did not show any allowance of the claim by the commissioners, but which simply proceeded upon the theory that the sheriff had the absolute right to fix the amount of the claim, and that on his certificate the auditor rightly drew the warrant.

There is another ground which would justify this action of the court, though this may be, as suggested, the result of a mistake made by the draftsman of the petition. It alleges that the contract was for two hundred and seventeen ballot boxes at twenty-three dollars each. This would amount to $4,991. The warrant issued therefor was for $5,099.50—that is for $108.50 more than was due on the relator's own claim.

The judgment of the court of common pleas is affirmed with costs.

Cowen & Ferris, and J. J. Glidden, for plaintiff in error.

County Solicitor and I. J. Miller, for defendant in error.

---

# CRIMINAL LAW. 630

[Crawford Circuit Court, March Term, 1889.]

Scribner, Bentley and Albaugh, JJ.

(Judges Scribner and Bentley, of the Sixth Circuit, and Judge Albaugh, of the Fifth Circuit, taking the places of Judges Seney, Beer and Moore, of the Third Circuit.)